# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| AMEENA JAAFAR, on behalf of A.M., | * * |
| Petitioner, | * No. 15-267V |
| | * Special Master Christian J. Moran |
| v. | * |
| | * Filed: April 26, 2019[1] |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * |
| | * Attorneys' Fees and Costs |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

<u>William J. Melley</u>, Law Offices of William J. Melley, III, Hartford, CT, for Petitioner;
<u>Debra A. Filteau Begley</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[2]

On January 31, 2019, petitioner Ameena Jaafar moved for final attorneys' fees and costs, requesting $201,249.09. She is awarded $171,297.02.

\*   \*   \*

On March 17, 2015, Ms. Jaafar filed for compensation on behalf of her child, A.M., under the Nation Vaccine Injury Compensation Program, 42 U.S.C.

---

[1] The original decision was issued on April 23, 2019, but contained errors in the cost calculations so it was withdrawn. <u>See</u> Order, issued Apr. 26, 2019.

[2] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone will be able to access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

§ 300aa-10 through 34, ultimately alleging that the DTaP vaccination that A.M. received on July 21, 2013, caused A.M. to suffer infantile spasms. On October 31, 2015, the Secretary argued that compensation was not appropriate because the treating doctors had not suggested a connection between the vaccination and A.M.'s injuries nor had Ms. Jaafar submitted an expert report to support her claim. Resp't's Rep. at 10.

To develop her case, Ms. Jaafar filed reports from three experts, Drs. Yuval Shafrir, Marcel Kinsbourne, and Vera Byers. In rebuttal, the Secretary filed reports from two experts, Drs. Max Wiznitzer and Stephen McGeady.

An entitlement hearing was held on August 6-8, 2018, where all of the experts who submitted reports, except Dr. Shafrir, testified. At the conclusion of the hearing, the undersigned issued a bench ruling denying compensation based on the relative weakness of Ms. Jaafar's experts, an onset of symptoms being too soon to support causation, an unpersuasive medical theory, and a lack of clinical evidence in the medical records supporting a connection between the DTaP vaccination and A.M.'s infantile seizures. The bench ruling was later memorialized as a published decision. Decision, No. 15-267V, 2018 WL 4519066 (Fed. Cl. Spec. Mstr. Aug. 10, 2018)

On August 21, 2018, Ms. Jaafar filed a motion for reconsideration arguing that (1) the undersigned did not fully consider the opinions of her experts based on an evaluation of their qualifications, (2) the undersigned improperly raised the burden of proof to medical certainty, and (3) that she should be able to submit additional medical literature. The undersigned denied the motion for reconsideration finding that nothing "in the interests of justice" warranted any changes to the decision on entitlement. Order, issued Aug. 28, 2018.

On January 31, 2019, Ms. Jaafar filed a motion for final attorneys' fees and costs. ("Fees App"). The motion seeks a total of $201,249.09, comprised of $85,920.00 in attorneys' fees and $115,329.09 in attorneys' costs. Id., attachment #2, at 17. In compliance with General Order No. 9, petitioner indicates that she has not personally incurred costs of in pursuit of her claim. Gen. Order #9 Stat., filed Apr. 17, 2019.

On February 26, 2019, the Secretary filed a response to petitioner's motion. The Secretary argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Resp't's Resp. at 1. The Secretary adds, however that he "is satisfied the statutory requirements for an award of

2

attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Ms. Jaafar did not file a reply.

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Here, because the Secretary has not challenged good faith and there is nothing in the record to the contrary, the undersigned finds that Ms. Jaafar acted in good faith filing and litigating the petition. As noted above, the Secretary conceded that the statutory requirements for an attorneys' fees and costs award has been met, by implication, conceding reasonable basis. Resp't's Resp. at 2. In addition to this concession, the undersigned finds that the medical records and expert opinions in this case are sufficient to conclude that Ms. Jaafar had a reasonable basis to pursue her petition. Thus, Ms. Jaafar is eligible for an award of attorneys' fees and costs. The only remaining question is whether the requested amount is reasonable. In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

\* \* \*

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.  Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this

3

general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Ms. Jaafar has only requested compensation for the fees of one attorney, William Melley.  Mr. Melley charged one hourly rate, $400/hour, for all of the work done on the case from 2014 to 2018.  Pet'r's Fees App., attachment #2, at 17.  This case is Mr. Melley's first vaccine case, but he has nearly forty years of civil litigation experience in the Connecticut state and federal courts.  Id., attachment #1, at 1-3 (Mr. Melley's affidavit).  At the end of the entitlement hearing, the undersigned agreed with the sentiment of the Secretary's counsel who had expressed that Mr. Melley was a "pleasure to work" with and did "fine work" on this case.  Tr. 497.  In support of his hourly rate, Mr. Melley also submitted a fees decision from the United States District of Connecticut noting that the range of reasonable hourly rates for civil rights cases was $350 to $500 per hour and that the plaintiff's attorney was awarded a rate of $375 per hour.  Id. at 15.  Ms. Jaafar advances this case in support of Mr. Melley's proposed hourly rate ($400 per hour) by noting that Mr. Melley has more experience than the plaintiff's attorney.

The undersigned finds that $400 per hour is a reasonable rate in Connecticut for Mr. Melley as an attorney.  That rate also falls within the attorney rate ranges approved by the Office of Special Masters for an attorney with Mr. Melley's years of experience.  Thus, since there is no difference between Mr. Melley's local rate and the forum rate, Mr. Melley will be awarded his proposed rate.

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

Mr. Melley's time entries provide ample detail to assess reasonableness.  Although most tasks are appropriate for an attorney, Mr. Melley appears to work in a very small firm and has performed tasks that high-billing attorneys would normally delegate to support staff.  Mr. Melley has billed time at his full hourly rate for work that could be done by a paralegal, notably, requesting various medical records.  When an attorney does the work of a paralegal or administrative

4

assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Human Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties."). Thus, Mr. Melley's billing rate for paralegal work will be reduced to a reasonable paralegal rate, $130 per hour, which results in a $6,000.00 reduction in fees.

In addition to billing for paralegal work, Mr. Melley billed for clerical work, specifically, the electronic filing of documents in CM/ECF. Filing documents is a clerical task for which attorneys should not charge. See Guerrero v Sec'y of Health & Human Servs., No. 12-689V, 2015 WL 3745354, at *6 (Fed. Cl. Spec. Mstr. May 22, 2015) (citing cases), mot. for rev. den'd in relevant part and granted in non-relevant part, 124 Fed. Cl. 153, 160 (2015), app. dismissed, No. 2016-1753 (Fed. Cir. Apr. 22, 2016). Therefore, the hours Mr. Melley charged for clerical work will not be compensated, resulting in a reduction of $2,000.00.

*   *   *

Accordingly, taking into account the fee reductions described above, Ms. Jaafar is awarded attorneys' fees in the amount of $77,920.00.

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Ms. Jaafar requested a total of $115,329.09 in attorney's costs, consisting of acquiring medical records, acquiring medical literature, postage, travel costs for the entitlement hearing, transcripts, and the services for four experts. Mr. Melley billed for his travel costs and one of the expert's airfare in the amount of $2,432.11. Mr. Melley's routine litigation costs totaled $6,172.46. For these non-expert related costs, the undersigned finds that Ms. Jaafar has provided adequate documentation for all of the costs and will award them in full.

For the experts, Petitioner requests compensation for the expert fees of Dr. Eric Gershwin ($2,500.00), Dr. Yuval Shafrir ($9,800.00), Dr. Marcel Kinsbourne ($48,189.00), and Dr. Vera Byers ($46,058.45). Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health &

Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).

Dr. Gershwin billed 5 hours of work at a rate of $500 per hour for an initial consultation. Dr. Gershwin's invoice indicated that he actually spent 16 hours reviewing the case but, because he could not offer an opinion in support of Ms. Jaafar's case, he reduced his hours billed as a courtesy. Invoice, filed Apr. 17, 2019. The undersigned finds the amount Dr. Gershwin billed for an initial review of the case, $2,500.00, to be reasonable. Dr. Gershwin's expert fees are awarded in full.

Dr. Shafrir billed 28 hours of work at a rate of $350 per hour for the preparation of an expert report. Pet'r's Fee App., attachment #4, at 9. Dr. Shafrir's hourly rate has previously been found to be reasonable. Berrett v. Sec'y of Health & Human Servs., No. 16-011V, 2019 WL 1451308, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2019) (*citing* Cunningham v. Sec'y of Health & Human Servs., No. 13-483V, 2017 WL 4323145 (Fed. Cl. Spec. Mstr. Sept. 1, 2017); Whitney v. Sec'y of Health & Human Servs., No. 10-809V, 2016 WL 4494199 (Fed. Cl. Spec. Mstr. July 27, 2016)). The undersigned finds Dr. Shafrir's hourly rate and hours billed to be reasonable. Thus, Dr. Shafrir's expert fees are awarded in full.

Dr. Kinsbourne billed 87.5 hours of work at a rate of $500 per hour for the preparation of expert reports and testifying at the entitlement hearing, billed 14.5 hours for travel at a reduced rate of $250 per hour, and incurred $814.00 in travel expenses. Pet'r's Fee App., attachment #4, at 6-8. While the undersigned found Dr. Kinsbourne to be relatively less credible than the Secretary's neurology expert, Dr. Kinsbourne did not opine outside his area of expertise and was a competent expert witness. Tr. 504-05. The undersigned has previously found Dr. Kinsbourne's hourly rate to be reasonable and has not found a reason here to deviate from that rate. Pember v. Sec'y of Health & Human Servs., No. 15-1005V, 2018 WL 3989514, at *1 (Fed. Cl. Spec. Mstr. June 28, 2018). Despite Dr. Kinsbourne's invoice lacking some detail in the descriptions of his time entries and the time entries themselves only being grouped together by month rather than by day, the undersigned finds the number of hours billed to be reasonable. As for Dr. Kinsbourne's hours spent traveling, seven hours of his travel time are for a day when his flight was cancelled (August 8, 2018) and he, apparently, was sitting at the airport waiting. Pet'r's Fee App., attachment #4, at 7. Ms. Jaafar did not provide any justification for this time. As an expert who appears frequently in Vaccine Program cases, Dr. Kinsbourne almost certainly had deadlines to meet in other cases and Dr. Kinsbourne could have used the time in the airport to work on other cases. Consequently, Dr. Kinsbourne will be compensated for half (3.5

6

hours) the time he spent waiting. Thus, Dr. Kinsbourne's expert fees are awarded in the amount of $47,314.00.

Dr. Byers billed 104.5 hours of work at a rate of $400 per hour for the preparation of expert reports and testifying at the entitlement hearing, billed 16 hours for travel at a reduced rate of $200 per hour, and incurred $1,068.45[3] in travel expenses. Pet'r's Fee App., attachment #4, at 1-5. As explained in detail in the bench ruling and memorialized in the decision on entitlement, Dr. Byers's work as an expert was not good. Her testimony was "very vague," "evasive" at times, and unclear when discussing some articles, and she also appeared to change her opinion on the medical theory underlying Ms. Jaafar's case. Tr. 508-09; 2018 WL 4519066.

In another recent case, Dr. Byers was criticized for similar deficiencies, including introducing new opinions during the hearing and not being prepared to address articles when questioned. Wood v. Sec'y of Health & Human Servs., No. 15-1568V, 2019 WL 518521, at *5-6 (Fed. Cl. Spec. Mstr. Jan. 11, 2019) (not awarding Dr. Byers any compensation for her work on the case). Although the egregious problems in Wood warranted no compensation to Dr. Byers, Dr. Byers's work in this case was not that poor. On the other hand, Dr. Byers's work in the pending case was not consistent with the performance of an expert charging $400 per hour. Thus, her hourly rate is reduced to $200 per hour. At the rate of $200 per hour, the number of hours billed by Dr. Byers are reasonable. Thus, Dr. Byers's expert fees, including travel costs, are awarded in the amount of $25,158.45.

In sum, petitioner is awarded attorneys' costs of $93,377.02.

E.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, Ms. Jaafar's motion for attorneys' fees and costs is **GRANTED** to the extent that she is awarded a total of $171,297.02 (representing $77,920.00 in attorneys' fees and $93,377.02 in attorneys' costs). This shall be paid as follows:

---

[3] While Dr. Byers charged for the full amount of her hotel bill ($1,235.52), Mr. Melley reduced the amount requested and had crossed out of a number of items on the hotel bill that he was presumably not seeking to have reimbursed. See Pet'r's Fee App., attachment #3, at 57-58.

**A lump sum payment of $171,297.02 in the form of a check made payable jointly to petitioner and petitioner's attorney, William J. Melley, for all attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.